**SAN FRANCISCO BAYKEEPER,**
Plaintiff,

v.

**VALLEJO SANITATION AND FLOOD CONTROL DISTRICT, Defendant.**

No. CIV–S–96–1554–DFL.

United States District Court,
E.D. California.

March 1, 1999.

Deborah S. Reames, Earthjustice Legal Defense Fund, Jeffrey R Chanin, Keker and Van Nest, San Francisco, CA, for plaintiff.

Sandi L Nichols, Washburn Briscoe and McCarthy, San Francisco, CA, for defendant.

James Eichner, United States Department of Justice, Environment and Natural, Washington, DC, for United States of America, amicus.

### MEMORANDUM OF OPINION AND ORDER

LEVI, District Judge.

Plaintiff San Francisco Baykeeper ("Baykeeper") brings suit against Vallejo Sanitation and Flood Control District (the "District"), asserting violations of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251–1387. Relying on certain language in the Supreme Court's recent decision in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the District contends that Baykeeper lacks standing to assert a claim for civil penalties.[1]

Redressability—"a likelihood that the requested relief will redress the alleged inju-

---

1. The District urges the Court to give preclusive effect to a partial grant of summary judgment in *San Francisco Baykeeper v. Cargill*, No. 96–02161 (N.D.Cal. Nov. 19, 1998), in which the district

court held that *Steel Company* "established an absolute rule of law that if a plaintiff is not entitled to recover the penalties sought in the

ry"—is one of the three constitutional requirements for standing, in addition to injury in fact and causation. *Id.* at 1017. The District interprets *Steel Company* to hold that civil penalties paid to the federal government can never redress the injury of a citizen-plaintiff for Article III purposes, because the penalties are not paid to the plaintiff.

The District reads *Steel Company* too broadly. *Steel Company* held only that a claim for civil penalties paid to the federal government could not support Article III standing for a citizen-plaintiff alleging wholly past injuries; its holding did not embrace cases involving allegations of ongoing harm. *See* 118 S.Ct. at 1018–19. The plaintiff in *Steel Company* brought a citizen suit under the Emergency Planning and Community Right–to–Know Act of 1986 ("EPCRA"), which requires users of certain toxic and hazardous chemicals to file annual reports detailing how they used and disposed of the chemicals. *See id.* at 1008–9. At the time the plaintiff filed suit, the defendant was in complete compliance with the EPCRA. *See id.* at 1009. The plaintiff did not allege a violations. *See id.* at 1019 (noting that the complaint contained no allegation of "a continuing violation or the imminence of a future violation"). In this setting, the Court found that payment of fines to the Treasury could not satisfy the redressability requirement because the fines did not go to the plaintiff and "psychic satisfaction is not an acceptable Article III remedy." *Id.* at 1019.

*Steel Company* did not disturb the Court's prior decision in *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), which held that a citizen-plaintiff may seek civil penalties under the CWA if there is an allegation of "continuous or intermittent" violations. *See id.* at 57, 108 S.Ct. at 381. Under

*Gwaltney,* allegations of continuing violations are sufficient to confer Article III standing to seek civil penalties. *See id.* at 64, 108 S.Ct. at 385. If the Court in *Steel Company* intended to overrule *Gwaltney,* surely it would have said so. Yet the opinion, if anything, ratified *Gwaltney* 's finding of Article III jurisdiction in the presence of continuing violations. *Steel Company,* 118 S.Ct. at 1011.

The District counters that the Court in *Steel Company* made no distinction between past and ongoing violations in holding that civil penalties could not remedy a citizen-plaintiff's injury. But the Court was not called upon to address the situation in which ongoing violations are alleged.

There is no question that Baykeeper has standing to seek injunctive relief based on its claim of present and future violations. *See Steel Company,* 118 S.Ct. at 1019 ("if [plaintiff] had alleged a continuing violation or the imminence of a future violation, the injunctive relief request would remedy that alleged harm"). In the context of ongoing violations, civil penalties are similar to injunctive relief. They both deter future violations by a particular defendant thereby redressing threatened harm to the plaintiff. And they operate in similar fashion; injunctive relief is backed by the contempt power and deters in large part by the threat of monetary sanctions just as civil penalties do. *See Natural Resources Defense Council Inc. v. Texaco Ref. & Mktg. Inc.,* 2 F.3d 493, 503 n. 9 (3d Cir.1993) ("Citizens file actions [under the CWA] primarily to deter future violations by the named defendant and other potential polluters, and the imposition of penalties significantly enhances the deterrent effect of a citizen suit."). *Steel Company's* reasoning thus does not support the denial of standing to citizen-plaintiffs seeking civil penalties if they allege ongoing or continuous violations by the defendant.[2]

action ... the plaintiff does not have standing under Article III of the Constitution to seek such penalties." *Id.* at ¶ 4. However, "[o]nly a final judgment that is sufficiently firm can be issue preclusive." *Robi v. Five Platters, Inc.,* 838 F.2d 318, 326 (9th Cir.1988) (citation and internal quotations omitted). No final judgment has been issued in *Cargill* under Federal Rule of Civil Procedure 54(b), and orders issued prior to judgment are subject to reconsideration by the district court. In these circumstances no preclusive effect ought be given to the provisional decision

of the district court in *Cargill. See St. Paul Fire & Marine Ins. Co. v. F.H., V.W.,* 55 F.3d 1420, 1425 (9th Cir.1995); *Avondale Shipyards v. Insured Lloyd's,* 786 F.2d 1265, 1269 (5th Cir.1986).

2. A rule denying citizen-plaintiffs standing to seek civil penalties, whether or not there is an allegation of ongoing injury and violation, would be a rather dramatic development in the law given that civil penalties payable to the Treasury are an enforcement tool available in citizen suits under a number of environmental statutes. *See,*

Under the *Steel Company* standard, Baykeeper has standing to seek civil penalties. Baykeeper's complaint alleges that the District's violations of its NPDES permit are "ongoing, continuous or intermittent and in all likelihood will continue to occur." (Compl.¶ 27.) Baykeeper's allegations of future injury are particular and concrete. In granting summary judgment for Baykeeper on the issue of liability, the court has already found that Baykeeper has proven "violations, parameter by parameter, occurring after the complaint was filed." (May 28, 1996 Memo. of Opinion & Order at 7.) Moreover, Baykeeper has submitted evidence of even more recent violations by the District.[3] (Schiff Decl. ¶ 4; *id.* Exh. D.)

For the foregoing reasons, the District's motion to dismiss and its motion for leave to file a supplemental answer are DENIED. IT IS SO ORDERED.

*e.g.* 42 U.S.C. § 7604(a) (Clean Air Act); 42 U.S.C. § 6972(a)(1)(A) (Resource Conservation and Recovery Act of 1976 ); 42 U.S.C. § 9659(a)(1) & (c) (Comprehensive Environmental Response, Compensation, and Liability Act). Nothing in *Steel Company* suggests the Court intended to effect such a fundamental change in these remedial schemes.

**3.** The District advances two mootness cases decided in the wake of *Steel Company,* but they are distinguishable. Neither *Friends of the Earth, Inc. v. Laidlaw Env'tl Services, Inc.,* 149 F.3d 303 (4th Cir.1998), *petition for cert. filed,* 67 U.S.L.W. 3364 (Nov. 9, 1998) (No. 98–822), nor *Dubois v. U.S. Dep't of Agric.,* 20 F.Supp.2d 263 (D.N.H. 1998), involved allegations of ongoing CWA violations. In contrast, Baykeeper not only has alleged ongoing violations by the District, but has bolstered those allegations with concrete evidence.